Good morning. May it please the Court, my name is Michael Romano and I represent Mr. Ira Spearman. I'd like to reserve at least three minutes of time for rebuttal. My client, Mr. Spearman, is serving a life without the possibility of parole, sentence, and federal imprisonment under the Federal Three Strikes Law based on two underlying predicate felonies that have been reduced to misdemeanors for all purposes under California state law. After reviewing the pleadings here, I have two points that I wanted to clarify. First of all, why this Court's decision in United States v. Diaz is not controlling here. I think simply put, United States v. Diaz is a case about statutory interpretation of Section 841. It holds that Proposition 47, which is the state mechanism that reduced the prior convictions to felonies, does not change the historical fact that Mr. Spearman did suffer felonies in state court and did have those felonies at the time that he was convicted and sentenced in this case. We don't dispute that. But Diaz is a pure statutory interpretation case. Custis, Johnston, Laval, even the word Constitution does not appear in Diaz at all. Here, this case is about whether or not that interpretation and application of 841 to Mr. Spearman, whose prior felony convictions no longer exist, violate the Due Process Clause in the Eighth Amendment. So under Laval in this Court, this Court holds that the constitutionality of a federal recidivist sentence depends on the validity of the predicate underlying priors. Here, those priors no longer exist. The federal law clearly requires that the priors be felonies. They are no longer felonies. The felonies have been erased. That's out of California state law interpretation of Proposition 47. Furthermore, Laval holds that if a prisoner successfully challenges a prior state conviction in state court, he or she may return to federal court in order to have his federal sentence reduced. That's precisely what's happened in this case here. The other point I wanted to emphasize, actually, is how similar this case reminds me of Ramirez v. Castro. Ramirez v. Castro, this Court held that the California three-strike sentence was grossly disproportionate and violated the Eighth Amendment's ban on cruel and unusual punishment. When the defendant in that case actually had a worse criminal record and criminal background than Mr. Spearman currently has, no court, no state, the federal government has never upheld a life without parole sentence or federal recidivist sentencing law where the priors are misdemeanors. It's never been upheld against an Eighth Amendment challenge. And I would submit that if Mr. Ramirez's sentence was cruel and unusual punishment, then certainly Mr. Spearman's is now. I'd also just note the similarity between Ramirez in this case, in that the Ramirez case was not only found cruel and unusual punishment and grossly disproportionate, but it was under the AEDPA standard of review, of course. And it was, this Court found that it was objectively unreasonable for the trial court to have determined that the sentence was constitutional, in part because of misunderstanding of Mr. Ramirez's prior convictions and the severity of those prior convictions. Here we have a similar, although not identical, situation where those prior convictions have been reversed retroactively in state court for all purposes. Those are my basic points. Unless the Court has any questions, I'll reserve the rest of my time. May it please the Court. Ilana Artsin on behalf of the United States. Initially, I would like to point out that the defendant had four prior convictions. Three of them were subject to Proposition 47. One was not. So it is undisputed that he had one prior felony for possession of cocaine base for sale, which was not affected by Proposition 47. The basic premise of the defendant's claim here is essentially that his convictions have been reversed. They have been reduced to misdemeanors retroactively for all purposes. That is a false premise. The plain language of the statute enacted by Proposition 47 makes clear that California has not made relief retroactive to individuals like this defendant, whose convictions were final. The plain language of the statute, and this is California Penal Code Section 1170.18n, says that relief under Proposition 47 does not abrogate the finality of any other conviction. So Proposition 47 has granted a limited form of lenity. That lenity does not apply to any conviction like this one that has become final. There's no due process violation there. It is well established that distinguishing for retroactivity purposes based on whether a conviction is final versus non-final is certainly not a violation of due process. So I would submit that the claim just fails at the outset because Proposition 47 has not granted retroactive relief to this defendant. I'm maybe missing something. I don't know. What has been granted to this defendant by the State of California? The State of California has prospectively redesignated these felonies as misdemeanors. And it doesn't affect anyone who's had final convictions? That the statute specifically says in subsection N that the relief that is granted does not abrogate the finality of any other conviction. So it is not retroactive to basically throw out all of those convictions for which this felony may have been used for enhancement purposes. It's not clear that it applies retroactively at all. The defendant relies on the for all purposes language, and that language in other California statutes has been interpreted to be prospective only. And there are a number of cases currently before the California Supreme Court looking at whether Proposition 47 is retroactive to non-final convictions in various circumstances. But none of that really applies here because the statute very clearly excludes individuals like Mr. Spearman. And that's because it does not affect the finality of any other conviction, and it's undisputed that this conviction is final. I'd also like to make one other point, which relates to defendant's claim that Diaz is not controlling. And the defendant relies on a number of Supreme Court decisions that arise out of the Armed Career Criminal Act, which does not allow for challenges to prior convictions at the time of sentencing. There's a very important distinction between the Armed Career Criminal Act and Section 841, which applies here. And that distinction is that there's a different definition that applies in each of those cases. Under the gun control laws, and specifically under Section 921, subsection 820 of Title 18, any conviction that has been expunged or set aside is not counted for purposes of the Armed Career Criminal Act. That is not true under Section 841. There is no such carve-out for expunged convictions, for convictions that have been set aside, as this Court held in Norbury, and as every other court and circuit in this country has held, for purposes of Section 841, only convictions that are set aside based on illegality or innocence are excluded. And Diaz held that a Proposition 47 downgrade is not based on innocence or legal error, and thus counts as a prior felony conviction for purposes of Section 841. I would also point out that Custis, Johnson, LaValle, all the cases that the defense relies on, these are procedural cases. So as a procedural matter, if a defendant does not have a right at the time of sentencing to attack prior convictions, and those convictions are successfully attacked in a state habeas proceeding, then the defendant can bring a 2255. But all of those cases have said, we are not making any determination on the merits. We're just saying this is a procedural vehicle. Here it is clear that the defendant wouldn't be entitled to any relief on the merits under Diaz. Finally, with respect to the Eighth Amendment claim, I think this is an as-applied challenge. It looks at all of the circumstances. When you look at all of the circumstances here, I would submit that this case is well within the cases that have been upheld under the Eighth Amendment. The defendant in Harmelin was a first-time offender. He did not have any prior convictions, and yet the Supreme Court upheld under the Eighth Amendment  In Van Winrow, this Court upheld against an Eighth Amendment challenge a life sentence where the defendant had three prior convictions for cocaine possession. He did not have a conviction for drug trafficking, as this defendant does, and the Court upheld that conviction. In Mosali, this Court upheld the conviction in a stash house robbery sting where you didn't have any drugs. So I would submit that given that there were 59 grams of crack here, the defendant had an AK-47 assault rifle and two guns. He had a prior conviction. That conviction was reversed on appeal, wasn't it? I'm sorry? The gun conviction, wasn't that reversed on appeal? He had a 924C conviction that was reversed on appeal because it didn't meet the standard of Bailey. That's correct. But he did possess an AK-47 and two handguns at the time that these drugs were found in his home. He also had a prior conviction for cocaine trafficking, and he was on probation for that felony when he committed this felony. And he also had in his criminal history a robbery and a horrific gang rape. So when you look at the totality of all the circumstances and compare it against those cases that have been upheld against Eighth Amendment challenges, the government submits that there's no Eighth Amendment violation here. Unless the Court has any further questions, I would submit. Did you comment on the case your opposing counsel was relying on, Ramirez v. Castro? I am not familiar with that case. How can you not be familiar with that case? But I will read it as soon as I get back to my office, and I would be glad to submit a 20-HJ letter. Well, we'll let you know if we need anything. With our position. Thank you. Ramirez v. Castro is one of the finest decisions in this Court of Federalist Act. I'm going to try to address each of the government's points. I'm going to take it in reverse order because I thought they got more and more far afield. First of all, regarding- Can I just ask you a question first? Of course. So I'm looking at this statute, and it says, The petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor. Did that happen here? Yes. And I guess my second question is, is there a way? Judge Hatter, who now has his chambers in this building, he's basically playing with us to relook at some of our cases because of the obviously harsh result. And I'm just wondering, is there a way to carve out an initiative where this whole three strikes issue, part of the reason that the court came down the way it did in Andrade and the other one on direct appeal- Ewing. Ewing. Okay. Was because we're supposed to be deferring to the state's judgment regarding recidivism and the additional time the state thought was appropriate to account for that recidivism. So I'm just wondering if there is a way to carve out 47 since the state so clearly has expressed its views on how these crimes should be treated. I think absolutely. I mean, Ewing especially relies on deference to state legislatures and that the federal law should be very deferential to the state measurement of the severity of the crimes. Furthermore, Ewing says very explicitly that the punishment that Mr. Ewing received, his third strike offense, was not based or propped up on the fact of his third strike offense, but actually depended on his prior serious and violent felonies. And that was why his life sentence was not grossly disproportionate. By the way, Mr. Ewing also had an opportunity for parole. Here we have a much more severe sentence, right? Life without the possibility of parole. And furthermore, the underlying predicate felonies that were propping up Mr. Spearman's sentence have now been taken away, erased in the parlance of the California Supreme Court. I mean, excuse me, California Courts of Appeal. The California Courts of Appeal have unanimously held that Proposition 47 relief is much broader than expungement or dismissal under 1204.3. There's recent cases, as the government alludes to, but it's consistently held that Prop 47 relief is tantamount to erasing, reversing, expunging, wishing away, as if it didn't happen, the felony convictions. With the sole exception is that you're not allowed to have a firearm. And if we were to reverse this under the Eighth Amendment slash due process and remand it for resentencing, the resentencing court could certainly take into consideration his prior criminal history, including all the things Ms. Artson mentioned to us. Absolutely. Furthermore, he does have one prior drug conviction, which would automatically kick in a mandatory minimum sentence. It just would not be life without the possibility of parole. I would also submit that the court would be able to understand and hear all of the wonderful things that Mr. Spearman has done to rehabilitate himself in prison over the past 20 years, aside from having an LWOP sentence. So just as much as the guns and these other uncharged or unconvicted conduct might come in, all the other good stuff I think would also come in in the sentencing consideration before the district court. By the way, the district court who sentenced Mr. Spearman in the first place thought the sentence was a disaster. He didn't want to impose. And he had all of the information. He just felt constrained because it was a mandatory sentence and it was undisputed that he had these prior felonies. Now they're misdemeanors. No court, nobody has ever held against the Eighth Amendment challenge that an LWOP sentence can be supported by underlying misdemeanors. It just does not happen. The other thing is that Harmelin, government always likes to cite Harmelin when it comes to drug cases because it did affirm a life sentence for drug possession. But just look at the facts. In Harmelin, the defendant had ten times the amount of drugs that Mr. Spearman has, and he also got a life with a possibility of parole sentence. Mr. Spearman is sentenced to life without the possibility of parole for nonviolent defense based on two predicate felonies that have now no longer exist. They've been reversed for all purposes absolutely retroactively according to California Court of Appeals interpretation of this statute. Is that question in front of the California Supreme Court now? As counsel said, there are several issues before the California Supreme Court that touch on this. I suppose if your decision in this case turns on the precise status of Prop 47 cases regarding federal sentencing enhancements, I mean, you guys always have the right and the opportunity to certify. What are the issues in the California cases? As I understand, there is a case before the California Supreme Court that's actually fairly similar to this case called Valenzuela. I don't have the citation in front of me where the question is, in California you have a one-year prison prior enhancement if you served a prior prison term, correct, for a felony. Now you come back for a new crime, and that one-year enhancement would have ordinarily applied. In Valenzuela, I believe the issue is if that one-year sentence has been reduced to a misdemeanor, if that prior crime had been reduced to a misdemeanor, can you apply the one-year enhancement on the new term? It's a slightly different question because the enhancement statute depends on a prior prison term, which undoubtedly he had served a prior prison term, albeit now reduced to a misdemeanor. Do you know the status of the case? They've granted review. The California Supreme Court is not the swiftest. We've had a case there pending for two years before, but I'm happy to also submit a 28-J letter on, at least as far as we know, all of the pending cases in California on the precise status of Proposition 47. That would be helpful because I'm just wondering if this precise issue is in front of them. It's not quite, as far as I understand. I have to look at Valenzuela again. I don't know if you're familiar with that case. But, again, if it's not and this Court's opinion turns on that, you know, you could certify it. I'm not suggesting that it would exclusively turn on that. I'm just wondering if the contours for all purposes has been fully flushed out. It has in the Court of Appeals unanimously have held that it's erased, the felony is erased, that it's broader and more extensive relief than the expungement or dismissal relief under California Statute 1203.4, and that the only reservation that is held is this firearm exclusion. Okay. Why don't you, unless you hear from us to the contrary, each submit to us a list of the cases now pending in the California Supreme Court that affect Proposition 47 that might remotely or not affect this case. Each submit a list with a brief description of what the issue is. Absolutely. Is there a time that would be most appropriate for everybody? Thank you. Is there a time that you would like that? In a week? If you need more time, you can have 10 days, but I wouldn't think it would take that long. Two weeks, maybe. No, I said it will be 10 days now. Well, don't we get to discuss this? I said unless he hears from us to the contrary. Okay. All right, 10 days unless I hear from you from the contrary. Thank you very much.
judges: Reinhardt, Fernandez, Wardlaw